568 A.2d 16

**Ronald Nathaniel WOOTEN-BEY**

v.

**STATE of Maryland.**

**No. 114, Sept. Term, 1988.**

Court of Appeals of Maryland.

Jan. 10, 1990.

Michael R. Braudes, Asst. Public Defender (Alan H. Murrell, Public Defender, on brief), Baltimore, for petitioner.

Diane E. Keller, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on brief), Baltimore, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and BLACKWELL,* JJ.

BLACKWELL, Judge.

In this criminal case, we are asked to determine whether the trial judge improperly prohibited attorney-client discussions during a lunch recess, allegedly in violation of the defendant's right to the assistance of counsel under the Sixth Amendment. We hold there is no constitutional violation under the circumstances.

The relevant portion of the record which contains the issue is found at the end of defense counsel's direct examination of petitioner, Ronald Nathaniel Wooten–Bey (Wooten–Bey). The following colloquy occurred:

MR. CHRISTMAS (Defense Counsel): Your honor, I think I have about five more minutes, but I'm not sure. May I inquire if we might take a luncheon break, and I can finish within five minutes. I may have even less than that, if that is agreeable?

THE COURT: All right. Mrs. Howard, and ladies and gentlemen, we will indeed break until 1:30 for lunch. In case he's fooling, normally I don't break until 1:15, but I've already ordered the jail cases to be here at 1:00. All right. Mr. Wooten–Bey, you are a sequestered witness sir, which means you may not now discuss with anybody, including Mr. Christmas anything about your testimony on the witness stand, because you are sequestered.

---

* BLACKWELL, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

MR. CHRISTMAS: I think I do have the right to talk about what I may ask him.

THE COURT: Under no circumstances may you talk to a witness under oath on the witness stand. You, or Mr. Harvey, anybody. That witness is sequestered, and under oath, and going through their testimony. As opposed to a sequestered witness outside, you can talk to. But not once the witness sequestered by the oath, they're not to be approached by anybody. And with that, we'll— please keep the admonition in mind, Mrs. Howard, and ladies and gentlemen, and we'll recess for lunch until 1:30.[1]

After the jury trial was completed in the Circuit Court for Prince George's County on August 4–7, 1987, Wooten–Bey was convicted of felony murder, attempted robbery with a deadly weapon, and use of handgun in the commission of a felony. On November 16–19, 1987, the sentencing phase under Md.Code (1957, 1987 Repl.Vol), Art. 27, § 413(b) was held and the jury imposed a sentence of life imprisonment.

For the purposes of this appeal, we need only briefly discuss the factual background of the charges. On October 2, 1983, at an apartment building in Oxon Hill, Maryland, a drug dealer named Roger Porter was killed by a gunshot wound to the neck. At issue was the criminal responsibility of Wooten–Bey arising out of his participation in the incident leading to Porter's death.

As the court, the parties, and court personnel were leaving the courtroom for the lunch recess, a conversation occurred regarding the judge's sequestration order. The judge apparently clarified his order, informing defense counsel that he was not forbidding all consultation between Wooten–Bey and his attorney during lunch, only consultation concerning "prospective testimony." This statement is not part of the record because the court reporter had turned

---

1. At the hearing on Wooten–Bey's motion for new trial, the trial judge mentioned that the recess began at 12:15. The lunch recess lasted for a duration of one hour and fifteen minutes as the court reconvened at 1:30.

off the equipment in response to the instruction "all rise" when the judge left the bench. No further effort was made, during the course of the trial, to clarify the record concerning the judge's sequestration order.

When the trial reconvened after lunch, defense counsel had only two brief questions prior to completing direct examination.[2] Cross-examination, redirect and recross ensued. Wooten–Bey's attorney then informed the court that his client wished to be recalled as a witness because he felt "rushed" in his testimony. The trial judge provided Wooten–Bey an opportunity to consult with counsel. After the conference, Wooten–Bey no longer desired to retake the witness stand and the defense rested.

On January 12, 1988, a hearing was held on defense counsel's motion for a new trial. Counsel claimed, *inter alia*, that the trial judge had denied petitioner his Sixth Amendment right to consult with counsel during the recess in question.[3] At the motion hearing, the judge stated:

I turned from the bench and stood up, and walked to the top step just to the left of where I'm now sitting. When I did that, the bailiff cried all rise. And that is important, because what next happened then didn't get on the record. And I said to Mike Goldman [court reporter], how can this not be on the record, and he said it's very simple. If somebody yells all rise, I rise, and nothing gets recorded. And that is apparently what happened in this case.

Because as I started down the steps, Mr. Christmas was standing directly in front of the microphone on the other side of Mr. Goldman, about five feet from where I was then standing.... He had this look about him, like

---

2. Counsel's interrogation involved the date of petitioner's arrest and whether he had been incarcerated since that time.

3. U.S. Const., Art. VI provides in pertinent part:
   In all criminal prosecutions, the accused shall ... have the Assistance of Counsel for his defense.
   It should be noted that petitioner has not raised a separate state constitutional ground for this appeal. *See* Md.Decl. of Rts., Art. 21.

what are you doing.  And I said, don't misunderstand me
Mr. Christmas, I'm not saying you can't confer with your
client.  I'm telling you, you will not discuss his prospec-
tive testimony with him, and I used that phrase, prospec-
tive testimony.

And then I left, thinking nothing more of it.  That
should be in the record, because that happened.  Now,
with that addition, it does seem however, in the memoran-
dum you indicate the judge has not even the power to do
that.  I do not think that to be the law, but we'll discuss
that in argument.  But I want that record to clearly
reflect those words were uttered in exactly that terminol-
ogy.

Defense counsel responded to the trial judge's correction of
the record as follows: "I was originally where the clerk
was, but I must say in all candor, I can not say under oath
that what your honor just said was the actual words that
you said.  And I have a different impression, your honor."
The record is silent as to counsel's actual impression.  The
motion for a new trial was denied.

The Court of Special Appeals affirmed Wooten–Bey's
conviction and sentence holding in part that he "failed to
show that the deprivation of counsel, which occurred during
the luncheon recess, compromised his right to a fair trial."
*Wooten–Bey v. State,* 76 Md.App. 603, 616, 547 A.2d 1086,
1092 (1988).  The intermediate appellate court set forth the
following reasoning:

We agree with appellant that the trial judge erred in
imposing any restriction on appellant's right to consult
with his attorney during the luncheon recess.  We de-
cline, however, to impose a per se rule of reversal where
the denial of access was brief, limited in scope, and where
the trial judge gave counsel and appellant time to confer
when it became apparent that they needed to do so, thus
curing any constitutional defect.

*Id.* at 609, 547 A.2d at 1089.

In *Perry v. Leeke,* 488 U.S. 272, 109 S.Ct. 594, 102
L.Ed.2d 624 (1989), the Supreme Court recently addressed

the issue of whether a trial judge's order affecting a defendant-witness' right to consult with counsel during a court recess constitutes reversible error. The trial judge declared a fifteen minute recess and ordered that the defendant not talk to anyone, including his lawyer, during the break. This sequestration order occurred at the conclusion of defense counsel's direct examination. Defendant was charged with murder and related offenses in a criminal trial held in South Carolina.

The Supreme Court initiated its analysis by referring to the rule set forth in *Geders v. United States*, 425 U.S. 80, 91, 96 S.Ct. 1330, 1337, 47 L.Ed.2d 592, 601 (1976), where the court "held that a trial court's order directing a defendant not to consult his attorney during an overnight recess, called while the defendant was on the witness stand, violated his Sixth Amendment right to the assistance of counsel." *Perry*, 488 U.S. at ——, 109 S.Ct. at 596, 102 L.Ed.2d at 629.

The *Perry* court provided a survey of federal and state court decisions since *Geders* which have expressed varying views on the constitutionality of orders barring a criminal defendant's access to his or her attorney during a trial recess. 488 U.S. at —— n. 2, 109 S.Ct. at 598–99 n. 2, 102 L.Ed.2d at 631–32 n. 2. On the issue of whether a defendant need establish prejudice arising out of an alleged denial, the Supreme Court commented:

There is merit in petitioner's argument that a showing of prejudice is not an essential component of a violation of the rule announced in *Geders*. In that case, *we simply reversed the defendant's conviction without pausing to consider the extent of the actual prejudice, if any, that resulted from the defendant's denial of access to his lawyer during the overnight recess*. That reversal was consistent with the view we have often expressed concerning the fundamental importance of the criminal defendant's constitutional right to be represented by counsel.

*Id.*, 488 U.S. at ——, 109 S.Ct. at 599, 102 L.Ed.2d at 632–33 (emphasis added). *See, e.g., Strickland v. Washington*, 466

U.S. 668, 684–85, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674, 691–92 (1984); *United States v. Cronic,* 466 U.S. 648, 653–54, 104 S.Ct. 2039, 2043–44, 80 L.Ed.2d 657, 664–65 (1984); *Chapman v. California,* 386 U.S. 18, 23 n. 8, 87 S.Ct. 824, 827–28 n. 8, 17 L.Ed.2d 705 (1967); *Gideon v. Wainwright,* 372 U.S. 335, 342–43, 83 S.Ct. 792, 795–96, 9 L.Ed.2d 799, 804–05 (1963); *Glasser v. United States,* 315 U.S. 60, 76, 62 S.Ct. 457, 467–68, 86 L.Ed. 680, 699–70 (1942). There is a distinction between the "actual or constructive denial of the assistance of counsel altogether," and whether the quality of the lawyer's performance itself has been constitutionally ineffective. *Id.,* quoting *Strickland v. Washington, supra,* 466 U.S. at 692, 104 S.Ct. at 2063–64; *see Penson v. Ohio,* 488 U.S. 75, ——, 109 S.Ct. 346, 353–54, 102 L.Ed.2d 300, 313–14 (1988).

Under the circumstances in *Perry,* the Supreme Court held petitioner had no constitutional right to confer with his attorney during the fifteen minute break in his testimony. In distinguishing the *per se* rule of *Geders,* the Supreme Court articulated a "line of constitutional dimension" as follows:

The distinction rests instead on the fact that when a defendant becomes a witness, he has no constitutional right to consult with his lawyer while he is testifying. He has an absolute right to such consultation before he begins to testify, but neither he nor his lawyer has a right to have the testimony interrupted in order to give him the benefit of counsel's advice.

*Id.,* 488 U.S. at ——, 109 S.Ct. at 600–01, 102 L.Ed.2d at 634.

The Supreme Court identified policy considerations for the rule:

When [the defendant] assumes the role of a witness, the rules that generally apply to other witnesses—rules that serve the truth-seeking function of the trial—are generally applicable to him as well. Accordingly, it is entirely appropriate for a trial judge to decide, after listening to the direct examination of any witness, wheth-

er the defendant or a nondefendant, that cross-examination is more likely to elicit truthful responses if it goes forward without allowing the witness an opportunity to consult with third parties, including his or her lawyer. *Id.* "Once the defendant places himself at the very heart of the trial process, it only comports with basic fairness that the story presented on direct is measured for its accuracy and completeness by uninfluenced testimony on cross-examination." *United States v. DiLapi,* 651 F.2d 140, 151 (CA2 1981), *cert. denied,* 455 U.S. 938, 102 S.Ct. 1427, 1428, 71 L.Ed.2d 648 (1982); *cf.* 5 J. Wigmore, *Evidence* § 1367 (J. Chadbourn rev. 1974) (calling cross-examination "the greatest legal engine ever invented for the discovery of truth.").

The *Perry* court elaborated:

We think the judge must also have the power to maintain the status quo during a brief recess in which there is a virtual certainty that any conversation between the witness and the lawyer would relate to the ongoing testimony. As we have said, we do not believe the defendant has a constitutional right to discuss that testimony while it is in process.

*Id.,* 488 U.S. at ——, 109 S.Ct. at 601–02, 102 L.Ed.2d at 635. In a "short recess," "it is appropriate to presume that nothing but the testimony will be discussed, [and] the testifying defendant does not have a constitutional right to advice." *Id.,* at ——, 109 S.Ct. at 602, 102 L.Ed.2d at 636.[4]

In reviewing the trial judge's order in the present case, we hold the court properly focused on restricting attorney-

---

4. The interruption in *Geders* is distinguishable because the normal consultation between attorney and client that occurs during an overnight recess would encompass matters that go beyond the content of the defendant's own testimony—matters that the defendant does have a constitutional right to discuss with his lawyer, such as the availability of other witnesses, trial tactics, or even the possibility of negotiating a plea bargain. It is the defendant's right to unrestricted access to his lawyer for advice on a variety of trial related matters that is controlling in the context of a long recess. *Id., see Geders v. United States,* 425 U.S. at 88, 96 S.Ct. at 1335.

client discussion as to the testimony in progress. He expressly stated "you may not discuss with anybody, including Mr. Christmas, *anything about your testimony on the witness stand.*" This interpretation is supported by the judge's recollection and comments made at the hearing on the motion for new trial. The trial judge here had the discretion to ensure the continuity of Wooten–Bey's direct testimony, to maintain the status quo, and limit the defendant's communication with his counsel concerning ongoing testimony. We find no reversible error under the circumstances of this case. We affirm the judgment of the Court of Special Appeals.

JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. COSTS TO BE PAID BY PETITIONER.