761 A.2d 1021

**Roland Louis FENWICK**

v.

**STATE of Maryland.**

**No. 2634, Sept. Term, 1999.**

Court of Special Appeals of Maryland.

Nov. 8, 2000.

---

168

Mark Colvin, Asst. Public Defender (Stephen E. Harris, Public Defender, on the brief), Baltimore, for Appellant.

Sarah Page Pritzlaff, Asst. Atty. Gen. and Jason F. Trumpbour, Staff Atty. (J. Joseph Curran, Jr., Atty. Gen., Baltimore and Walter B. Dorsey, State's Atty. for St. Mary's County, Leonardtown, on the brief), for Appellee.

Submitted before EYLER, ADKINS and ROBERT F. FISCHER (Retired, Specially Assigned), JJ.

ADKINS, Judge.

A jury in the Circuit Court for St. Mary's County convicted Roland Louis Fenwick, appellant, of second degree rape and fourth degree burglary, and acquitted him of first degree rape, battery, first degree burglary, and third degree burglary. Appellant received consecutive sentences—twenty years for the second degree rape felony, with ten years suspended in favor of five years probation, plus three years for the fourth degree burglary misdemeanor, with all but one year suspended. Appellant's sole contention on appeal is that the trial court erred in "imposing separate, consecutive sentences for second degree rape and fourth degree burglary." We find no error, and affirm the judgments.

## FACTS AND LEGAL PROCEEDINGS

The prosecuting witness testified that in August 1996, she had broken off her five year relationship with appellant, and

changed the locks to her house. In the early morning hours of September 14, 1996, she refused to answer the telephone when the caller ID indicated two calls from appellant. Later, she was awakened from her sleep by appellant standing in her room, pulling off her bedcovers. She told him to leave, picked up the telephone, and said she was going to call the police. After a struggle, appellant raped her.

Appellant admitted the estrangement, but testified that he had maintained daily telephone contact with the victim. He stated that he went to her house that night after she paged him. When she didn't answer his knocks at the door or bedroom window, appellant removed a window screen and climbed in. Appellant claimed that although they initially argued, they eventually had consensual intercourse.

## DISCUSSION

Appellant's challenge to his fourth degree burglary sentence is predicated upon his comparison of the first degree rape statute with the second degree rape and fourth degree burglary statutes.

- Maryland Code (1957, 1996 Repl.Vol., 2000 Cum.Supp.), Article 27,[1] section 462 provides that "[a] person is guilty of rape in the first degree if the person engages in vaginal intercourse with another person by force or threat of force against the will and without the consent of the other person and [*inter alia*] ... [t]he person commits the offense in connection with burglary in the first, second, or third degree." The crime is a felony for which the maximum penalty is life imprisonment.

- Section 463 provides that "[a] person is guilty of rape in the second degree if the person engages in vaginal intercourse with another person, [*inter alia*,] [b]y force or threat of force against the will and without the

1. All statutory references in this opinion are to this article of the Maryland Code.

consent of the other person." The crime is a felony with a maximum penalty of 20 years imprisonment.

- Section 32 provides that a person is guilty of fourth degree burglary *inter alia* if the person "break[s] and enter[s] the dwelling of another." The crime is a misdemeanor with a maximum penalty of three years imprisonment. The difference between burglary in the fourth degree and burglary in the first, second, or third degree is that unlike the latter felony offenses, fourth degree burglary is a misdemeanor that does not require proof, at the time of the breaking and entering, of an intent to commit another crime inside the dwelling. *See* § 29 (burglary in first degree), § 30C (burglary in second degree), and § 31 (burglary in third degree).

Citing sections 32, 462, and 463 and fairness concerns, but no case law or legislative history, appellant asks us to vacate his sentence on the fourth degree burglary conviction. He notes that for purposes of this case, the only relevant difference between first and second degree rape is that first degree rape is rape committed in connection with burglary in the first, second, or third degree. He argues that the Legislature, by "enhancing" the sentence for second degree rape only in connection with the first three degrees of burglary, expressed its intention not to similarly "enhance" a sentence for second degree rape when the rape is committed in connection with a lesser charge of fourth degree burglary. Thus, appellant reasons, imposing consecutive sentences for second degree rape and fourth degree burglary impermissibly enhances the sentence for second degree rape in a manner that the Legislature did not intend.

■ Appellant has mischaracterized the burglary sentence as an enhancement of the rape sentence. In a multi-count conviction, a shorter sentence for one offense is not an enhancement of a longer sentence for another offense. Thus, the sentence for fourth degree burglary is not an enhancement

of the sentence for second degree rape.[2] Rather than challenging improper sentence enhancements, appellant is actually seeking to have his consecutive sentence for fourth degree burglary merged into his second degree rape sentence.

 The "standard for determining whether one offense merges into another for sentencing purposes is what is referred to as the required evidence test." *Jones v. State,* 357 Md. 141, 163–64, 742 A.2d 493 (1999). "If each offense requires proof of a fact which the other does not, . . . there is no merger under the required evidence test even though both offenses are based upon the same act or acts." *State v. Lancaster,* 332 Md. 385, 391, 631 A.2d 453 (1993). But the required evidence test is not conclusive in sentencing merger cases. "Even where two offenses are separate under the required evidence test, there may still be merger for sentencing purposes based on historical treatment, judicial decisions which hold the offenses merge, fairness, and the rule of lenity." *Jones,* 357 Md. at 164, 742 A.2d 493.

 As the Legislature created them, the offenses of fourth degree burglary and second degree rape are two separate crimes under the required evidence test. In contrast to the first degree rape statute, neither section 32 nor section 463 refers to or incorporates any other offense. Each statute addresses different criminal behavior based on distinctly different acts. Second degree rape requires proof of nonconsensual intercourse. Fourth degree burglary requires proof of

---

**2.** Similarly, a conviction under a multiple offense statute such as first degree rape under section 462 does not involve any sentence enhancement. In that statute, the burglary component is an integral part of the crime, rather than an aggravating factor to be considered in sentencing. If the State proves the rape component of the offense, but fails to prove the burglary component, or vice versa, there can be no conviction for first degree rape. If the burglary component of first degree rape were only a "sentencing enhancement" as appellant has characterized it, proof of the rape alone might support a first degree rape conviction and sentence, and the jury's determination that the defendant committed a burglary in connection with the rape would serve only as aggravating grounds to increase or "enhance" the sentence. As is clear from the language of section 462, that is not what the Legislature intended.

breaking and entering. The two crimes involve completely different criminal acts that do not overlap. Thus, they are clearly separate crimes under the required evidence test.

Having found no Maryland precedent addressing the question presented by this case, we continue our sentencing merger analysis by considering whether merger is required on rule of lenity or fairness grounds. Under the rule of lenity, when "there is no indication that the Legislature intended multiple punishments for the same act, a court will not impose multiple punishments but will, for sentencing purposes, merge one offense into the other." *McGrath v. State*, 356 Md. 20, 25, 736 A.2d 1067 (1999). In that event, "the offense carrying the lesser maximum penalty ordinarily merges into the offense carrying the greater maximum penalty." *Miles v. State*, 349 Md. 215, 229, 707 A.2d 841 (1998).

The rule prevents courts from interpreting criminal statutes " 'so as to increase the penalty ... place[d] on an individual when such an interpretation can be based on no more than a guess as to what [the Legislature] intended.' " *Monoker v. State*, 321 Md. 214, 222, 582 A.2d 525 (1990) (*quoting White v. State*, 318 Md. 740, 744, 569 A.2d 1271 (1990)). A criminal statute can be ambiguous if it is intrinsically unclear or if its application in a particular circumstance is uncertain. *See Webster*, 359 Md. at 480–81, 754 A.2d 1004. Doubts raised by such ambiguities must be resolved against turning a single criminal act or transaction into multiple convictions or multiple sentences. *See Miles*, 349 Md. at 227, 707 A.2d 841. But the rule of lenity cannot be used to "create an ambiguity where none exists." *Jones v. State*, 336 Md. 255, 261, 647 A.2d 1204 (1994). If there is no ambiguity, "the rule of lenity 'simply has no application.' " *Id.* at 262, 647 A.2d 1204 (quoting *Albernaz v. U.S.*, 450 U.S. 333, 343, 101 S.Ct. 1137, 1144, 67 L.Ed.2d 275 (1981)).

In *Wooten–Bey v. State*, 76 Md.App. 603, 547 A.2d 1086 (1988), *aff'd on other grounds*, 318 Md. 301, 568 A.2d 16 (1990), we recognized that when two separate criminal statutes create separate offenses based on different criminal behavior with

different criminal consequences, and there is no relevant legislative history suggesting that the Legislature intended to prohibit the imposition of separate sentences for the two separate crimes, the rule of lenity does not apply. *See id.* at 628–29, 547 A.2d 1086. There, we held that the crime of conspiracy to commit robbery and the crime of attempted robbery with a deadly weapon were separate offenses subject to separate punishments. *See id.* at 629–30, 547 A.2d 1086. We declined to apply the rule of lenity, finding no ambiguity in the language of the statutes, or uncertainty in the application of them.

> We thus have two separate criminal acts for which the Legislature has provided distinct punishments. Appellant presents us with no case law or legislative history suggesting that the Legislature did not intend to punish both of these criminal acts, nor can it be seriously argued that an ambiguity exists when the statutes are applied in tandem. It makes sense that, because the two crimes and penalties address different criminal behavior, separate sentences be imposed.

*Id.* at 629, 547 A.2d 1086. Applying this same standard, we recently declined to merge sentences for distribution of cocaine and conspiracy to distribute cocaine. *See Cooper v. State,* 128 Md.App. 257, 273, 737 A.2d 613 (1999).

Given the language of the fourth degree burglary and second degree rape statutes and the distinct nature of the two separate acts and offenses, we find no intrinsic ambiguity requiring us to apply the rule of lenity. Nor do we find that the application of these two statutes in tandem raises doubt regarding whether the Legislature intended to permit separate punishments. As in *Wooten–Bey,* appellant has "present[ed] us with no case law or legislative history suggesting that the Legislature did not intend to punish both of these criminal acts . . . ." *Wooten–Bey,* 76 Md.App. at 629, 547 A.2d 1086. Rather, appellant bases his challenge solely on the fact that the Legislature "merged" the crimes of first, second, and third degree burglary committed in connection with a rape by

enacting the first degree rape statute providing for a single offense and sentence.

We do not agree that the first degree rape statute raises doubt regarding whether the Legislature intended to permit separate convictions and sentences for fourth degree burglary and second degree rape. When the Legislature revised and recodified the burglary offenses, it also amended the first degree rape statute to reflect those changes. *See* 1994 Laws, Chap. 712. The same legislation that created misdemeanor fourth degree burglary also amended the first degree rape statute to require proof of one of the three felony degrees of burglary—first, second, or third degree burglary. *Id.* Under the established statutory construction principle of *"expressio unius est exclusio alterius"* (the expression of one thing is the exclusion of another), the Legislature's express inclusion of first through third degree burglaries in the first degree rape statute reflects its determination to exclude fourth degree burglary, and instead to leave that crime as a separately punishable misdemeanor offense, even when a felony rape is committed in connection with such an unlawful entry.

This deliberate exclusion of fourth degree burglary from the first degree rape statute creates no uncertainty or inconsistency in the application of the second degree rape and fourth degree burglary statutes. The first degree rape statute reaches persons who commit more serious burglary offenses involving breaking and entering for the purpose of committing another crime, and who then rape in connection with that felonious entry. By including first, second, and third degree burglary within the first degree rape statute, the Legislature recognized that each of those three burglary offenses requires proof of an intent to commit another crime at the time of the breaking and entering. By excluding fourth degree burglary from section 462, the Legislature merely recognized that when the evidence does not establish that the breaking and entering was done with an intent to commit the rape or another crime after the unlawful entry, the longer maximum penalty of life imprisonment under the first degree

rape statute should not apply. Thus, the exclusion of fourth degree burglary from the first degree rape statute does not establish that the Legislature intended to prohibit separate sentences when the evidence establishes the rape but does not support a conviction for felony burglary due to insufficient evidence of unlawful intent at the time of the breaking and entering.

Nor does the application of the fourth degree burglary and second degree rape statutes in this case raise any ambiguity or uncertainty. Appellant's defense theory was that he broke into the house through the window in order to see his estranged girlfriend, but that after he did so, intervening events between them resulted in consensual intercourse. Under that theory, the jury could have convicted appellant only on the misdemeanor fourth degree burglary charge. Even though the jury's verdict indicates that the jury did not believe that the intercourse was consensual, we cannot say that the jury entirely rejected that defense theory. The jury could have believed appellant's version of events up until the act of forced intercourse. If so, the jury may have believed that although appellant unlawfully broke into the house, he did so with no intent other than to talk with his former girlfriend. Indeed, that would explain why the jury convicted appellant on the second degree rape felony and fourth degree burglary misdemeanor, but acquitted him on the other felony charges of first degree rape, first degree burglary, and third degree burglary.

We see no fairness or rule of lenity reason that these separate acts and distinct crimes cannot or should not be punished by separate sentences. As we stated in *Wooten–Bey*, "[i]t makes sense that, because the two crimes and penalties address different criminal behavior, separate sentences be imposed." *Wooten–Bey*, 76 Md.App. at 629, 547 A.2d 1086. We hold that fourth degree burglary and second degree rape are separate and parallel offenses for which separate and parallel convictions and sentences may be imposed. The jury had ample evidence upon which to convict appellant on both charges, and the trial court had discretion to

impose separate and consecutive sentences. It did not err in doing so.

**JUDGMENTS AFFIRMED. COSTS TO BE PAID BY APPELLANT.**