*Jamel Clark v. State of Maryland*, No. 430, September Term 2019.

**CRIMINAL LAW > SENTENCTING AND PUNISHMENT**
           **REVIEW**
           **HARMLESS AND REVERSIBLE ERROR**

If certain convictions are required to be merged for sentencing purposes, and they are not, the trial court has committed "reversible error," and as a matter of law, the sentence is illegal.

**DOUBLE JEOPARDY > SENTENCTING AND PUNISHMENT**
              **PROHIBITION OF MULTIPLE PROCEEDINGS OR**
              **PUNISHMENTS**

Fundamentally, the Fifth Amendment guarantee against double jeopardy prohibits both successive prosecutions for the same offense as well as multiple punishment for the offense.

**DOUBLE JEOPARDY > SENTENCTING AND PUNISHMENT**
              **PROHIBITION OF MULTIPLE PROCEEDINGS OR**
              **PUNISHMENTS**
              **EFFECT OF PROCEEDINGS AFTER ATTACHMENT**
              **OF JEOPARDY**

By virtue of Maryland common law, double jeopardy forbids a defendant from being put in jeopardy again for the same offense—in jeopardy of being convicted of a crime for which he has been acquitted; in jeopardy of being twice convicted and punished for the same crime.

**SENTENCING AND PUNISHMENT > SENTENCE ON CONVICTION OF**
                        **DIFFERENT CHARGE**
                        **SINGLE TRANSACTION OR COURSE**
                        **OF CONDUCT**
                        **PROOF OF FACT NOT REQUIRED FOR**
                        **OTHER OFFENSE**

The required evidence test stands as: the applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

**SENTENCING AND PUNISHMENT > SENTENCE ON CONVICTION OF**

**DIFFERENT CHARGE**
**SINGLE TRANSACTION OR COURSE**
**OF CONDUCT**
**PROOF OF FACT NOT REQUIRED FOR**
**OTHER OFFENSE**

If each offense requires proof of a fact which the other does not, or in other words, if each offense contains an element which the other does not, the offenses are not the same for double jeopardy purposes even though arising from the same conduct or episode. But, where only one offense requires proof of an additional fact, so that all elements of one offense are present in the other, the offenses are deemed to be the same for double jeopardy purposes.

**SENTENCING AND PUNISHMENT > SENTENCE ON CONVICTION OF**
**DIFFERENT CHARGE**
**SINGLE TRANSACTION OR COURSE**
**OF CONDUCT**
**PROOF OF FACT NOT REQUIRED FOR**
**OTHER OFFENSE**
**MERGER OF OFFENSES**

When a defendant is convicted of a felony involving a controlled dangerous substance, they have been disqualified from possessing a firearm, while someone who has not been convicted of a felony under Title 5 of the Criminal Law Code is allowed to possess a firearm, within the purview of the law and subject to other prerequisites. Essentially, CR § 5-622 places a condition on who can and cannot possess a firearm. On the other hand, CR § 4-303 places no condition on whether someone can or cannot possess an assault weapon. Under section (a)(2) of CR § 4-303, no person can possess an assault weapon, notwithstanding the limited exceptions noted in CR § 4-303(b).

**SENTENCING AND PUNISHMENT > SENTENCE ON CONVICTION OF**

**DIFFERENT CHARGE
SINGLE TRANSACTION OR COURSE
OF CONDUCT
PROOF OF FACT NOT REQUIRED FOR
OTHER OFFENSE
MERGER OF OFFENSES**

Appellant's conviction for possession of an assault weapon was not required to be merged, for sentencing purposes, into the conviction for possession of a firearm by a person previously convicted of a felony involving a controlled dangerous substance, since each crime required proof that the other did not, and each offense can exist without the other. Md. Code Ann., Crim. Law ("CR") § 5-622(b), CR § 4-303(a)(2).

**SENTENCING AND PUNISHMENT > SENTENCE ON CONVICTION OF
DIFFERENT CHARGE
SINGLE TRANSACTION OR COURSE
OF CONDUCT
PROOF OF FACT NOT REQUIRED FOR
OTHER OFFENSE
MERGER OF OFFENSES**

A defendant can in fact be subject to the offense of possession of a firearm having been previously convicted of a felony involving a controlled dangerous substance, and not to the offense of possession of an assault weapon, simply because while all assault weapons may be firearms, not all firearms are assault weapons.

**CRIMINAL LAW > IN GENERAL
NATURE AND ELEMENTS OF CRIME
RULE OF LENITY**

The rule of lenity—a principle of statutory interpretation—can require the merger of sentences even when the required evidence test has not been satisfied and is only applicable where at least one of the two offenses subject to the merger analysis is a statutory offense.

**CRIMINAL LAW > IN GENERAL**

**NATURE AND ELEMENTS OF CRIME**
**RULE OF LENITY**
**STATUTORY PROVISIONS**
**CONSTRUCTION AND OPERATION IN GENERAL**
**LIBERAL AND STRICT CONSTRUCTION**

In a "probing examination" of the rule of lenity, this Court has acknowledged that "an inquiry into legislative intent is not only meaningless when at least one statute is not involved but is also meaningless when two statutes were enacted years apart and were not focused on the same subject matter. Therefore, if two separate criminal statutes create separate offenses based on different criminal behavior with different criminal consequences, and there is no relevant legislative history suggesting that the Legislature intended to prohibit the imposition of separate sentences for the two separate crimes, then the rule of lenity is inapplicable.

**CRIMINAL LAW > IN GENERAL**
          **NATURE AND ELEMENTS OF CRIME**
          **RULE OF LENITY**
          **STATUTORY PROVISIONS**
          **CONSTRUCTION AND OPERATION IN GENERAL**
          **LIBERAL AND STRICT CONSTRUCTION**

Undoubtedly, these two criminal statutes proscribe two different criminal behaviors, with differing legislative policies behind their enactment, along with distinct punishments for violation of the prohibited acts stated therein. We do not find any indication of ambiguity in the application of these statutes, nor do we believe that it is "intrinsically unclear" as to the circumstances in which the statutes would be applicable. CR § 5-622(b), CR § 4-303(a)(2).

**CRIMINAL LAW > IN GENERAL**
          **NATURE AND ELEMENTS OF CRIME**
          **SENTENCE ON CONVICTION OF DIFFERENT CHARGE**
          **FUNDAMENTAL FAIRNESS**

Fundamental fairness is one of the most basic considerations in all our decisions in meting out punishment for a crime. In deciding whether fundamental fairness requires merger, we have looked to whether the two crimes are part and parcel of one another, such that one crime is an integral component of the other.

**CRIMINAL LAW > SENTENCTING AND PUNISHMENT**
**REVIEW**
**PRESENTATION AND RESERVATION IN LOWER**
**COURT OF GROUNDS OF REVIEW**

Although a defendant may attack an illegal sentence by way of direct appeal, the fundamental fairness test does not enjoy the same procedural dispensation of [Md.] Rule 4–345(a) that permits correction of an illegal sentence without a contemporaneous objection.

**CRIMINAL LAW > SENTENCTING AND PUNISHMENT**
**REVIEW**
**PRESENTATION AND RESERVATION IN LOWER**
**COURT OF GROUNDS OF REVIEW**

Appellant did not properly preserve his fundamental fairness argument for appellate review. Nevertheless, even if Appellant had not waived his contention regarding fundamental fairness, we are not persuaded that this principle would compel merger of Appellant's sentences. The legislature obviously intended to punish these two acts separately, and not under one sentence. Additionally, CR § 4-303 and CR § 5-622 punish separate instances of wrongdoing.

Circuit Court for Baltimore City
Case No. 118250011

REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 430

September Term, 2019

_____

JAMEL CLARK

v.

STATE OF MARYLAND

_____

Fader, C.J.,
Reed,
Adkins, Sally D.
     (Senior Judge, Specially Assigned),

JJ.

_____

Opinion by Reed, J.

_____

Filed:  April 30, 2020

Pursuant to Maryland Uniform Electronic Legal
Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Suzanne C. Johnson, Clerk

After a jury trial in the Circuit Court for Baltimore City, Jamel Clark ("Appellant") was convicted of possession of a firearm by a person previously convicted of a felony involving a controlled dangerous substance, in violation of Md. Code Ann., Crim. Law ("CR") § 5-622(b), and possession of an assault weapon, in violation of CR § 4-303(a)(2). The trial court imposed two, consecutive sentences for a total eight-year sentence. Appellant raises a single question on appeal, which we have rephrased for clarity:[1]

I. Must Appellant's sentences for possession of a firearm by a person previously convicted of a felony involving a controlled dangerous substance and possession of an assault weapon be merged, where they were based on the possession of a single firearm?

For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 6, 2018, while in jail for reasons not disclosed by the record, Appellant called his girlfriend, Ms. McGregor. During the recorded conversation, Appellant asked Ms. McGregor about the location of his truck, to which she replied that it was sitting "out front," which meant it was in front of her house. When Appellant questioned if she had "moved his stuff," she informed him that "the stuff was still wrapped up" and that she had moved it to the back closet "on top of the Christmas tree box." Appellant further inquired

---

[1] Appellant presents the following question:

1. Must this Court merge Mr. Clark's sentences for possession of a firearm under Md. Code Ann., Crim. Law § 5-622(b) and possession of an assault weapon under Md. Code Ann., Crim. Law § 4-303(a)(2) where the two offenses were based on the possession of a single firearm?

of Ms. McGregor as to whether someone could see the "stuff," and she answered, "No." Detective Ian Smith ("Detective Smith") listened to this recorded call and based on what he heard Appellant say to Ms. McGregor, he applied for a warrant to search Ms. McGregor's house for contraband.

The next day, on March 7, 2018, Detective Smith and six officers executed the warrant at Ms. McGregor's house. When Ms. McGregor answered the door, the officers asked her if there "was anything in the house that they needed to know about," and she informed them that there was a weapon in the basement of the home, on top of the Christmas tree box. Ms. McGregor then directed the officers to the basement closet where they found the weapon, wrapped in clothes, on top of the Christmas tree box. The weapon was identified at trial as an Encom America 45-caliber semi-automatic pistol. When asked whose gun it was, Ms. McGregor confessed that Appellant had brought the weapon to her house. This exchange was captured on several officers' body-worn cameras. Appellant was subsequently charged with five firearm possession offenses and illegal possession of ammunition.[2] Three of the six counts were nol prossed by the State, while the remaining three counts — possession of a firearm by a person previously convicted of a felony involving a controlled dangerous substance, possession of an assault weapon and illegal possession of ammunition — went to trial.

On March 29, 2019, a trial was held, and the State called Detective Smith to testify as to the steps he took in discovering the weapon, from listening to Appellant's jail call, to

---

[2] While executing the warrant, the officers also recovered a box of ammunition for a firearm that was not an Encom America 45-caliber semi-automatic pistol.

executing the warrant. He explained during his testimony that when he executed the search warrant at Ms. McGregor's house, he was looking for contraband, either "a firearm of some type" or "drugs of some kind." He also testified that because he has listened to hundreds of jail calls, he can recognize when people are discussing contraband. The State also called Ms. McGregor, who testified about the search of her home on March 7, 2018. She testified that during the search, when first asked about whose gun it was that officers found in the basement, she did not answer, and after officers "alluded to arresting [her]," she stated that Appellant brought the weapon to her house. However, at trial, Ms. McGregor testified that "another friend" of hers brought the gun to her home. Ms. McGregor stated that she lied because Appellant was already in jail, and her other friend might not be a threat to her and her child.

The State then proceeded to play two video clips from the body-worn cameras as prior inconsistent statements. In the first clip, Ms. McGregor led the officers to the gun and said that the gun did not belong to her, but she did know how it got there. In the second clip, the officers repeatedly asked Ms. McGregor about who brought the gun to her house, and she eventually admits that it was Appellant. At the end of the trial, the State read a stipulation between the state and defense into evidence, which stated:

> The Defendant has been charged with possession of a firearm. The parties hereby stipulate that the Defendant is prohibited from possessing a firearm because of a previous condition that prohibits his possession of a firearm. The parties also stipulate that the firearm in question is classified as an assault pistol.

After deliberations, the jury convicted Appellant of possession of a firearm by a person previously convicted of a felony involving a controlled dangerous substance, in

3

violation of CR § 5-622(b), and possession of an assault weapon, in violation of CR § 4-303(a)(2). Appellant was acquitted of illegal possession of ammunition pursuant to Md. Code Ann., Pub. Safety § 5-133.1(b). Appellant was subsequently sentenced to two consecutive sentences, first for five years and then three years (the statutory maximums), for a total of eight years. This timely appeal followed.

## DISCUSSION

### A. Parties' Contentions

Appellant argues that his sentences must merge for four reasons: (1) under the required evidence test, possession of an assault weapon is a lesser included offense of possession of a firearm by a person previously convicted of a felony involving a controlled dangerous substance; (2) even if they do not merge under the required evidence test, they must merge because the legislature intended for them to merge; (3) even if the legislature's intent is ambiguous, the rule of lenity requires that the sentences merge; and (4) principles of fundamental fairness compel merger.

The State asserts that under the required evidence test, the sentences do not merge because each conviction requires distinct evidence. The State maintains that the rule of lenity does not apply, because the General Assembly did not intend for CR § 4-303 and CR § 5-622 to merge for sentencing purposes, nor are the statutes ambiguous. Additionally, the State notes that the doctrine of fundamental fairness does not compel merger because the circuit court has discretion in determining whether it will merge sentences.

4

## B. Standard of Review

If certain convictions are required to be merged for sentencing purposes, and they are not, the trial court has committed "reversible error," and as a matter of law, the sentence is illegal. *Britton v. State*, 201 Md. App. 589, 598–99 (2011). We take note that Appellant did not argue at sentencing that his sentences should merge. However, "[w]e have held that because of the inherent illegality of the sentence, the normal preservation requirements do not apply in this context." *Latray v. State*, 221 Md. App. 544, 555 (2015) (citing *Pair v. State*, 202 Md. App. 617, 624 (2011)). Pursuant to Maryland Rule § 4-345(a), a court "may correct an illegal sentence at any time." Considering that the trial court's determination regarding sentencing is governed by the Criminal Law article, we must examine whether the trial court's conclusions were legally correct under a *de novo* standard of review. *Blickenstaff v. State*, 393 Md. 680, 683 (2006).

## C. Analysis

### *Required Evidence Test*

As applied to the States through the Fourteenth Amendment, the Fifth Amendment's Double Jeopardy Clause states that no person "shall . . . be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V; *see also Benton v. Maryland*, 395 U.S. 784, 787 (1969). Fundamentally, "[t]he Fifth Amendment guarantee against double jeopardy prohibits both successive prosecutions for the same offense as well as multiple punishment for the offense." *Newton v. State*, 280 Md. 260, 262—63 (1977). By virtue of Maryland common law, double jeopardy forbids "a defendant [from being] 'put in jeopardy again for the same offense—in jeopardy of being convicted of a crime for

5

which he has been acquitted; in jeopardy of being twice convicted and punished for the same crime.'" *State v. Griffiths*, 338 Md. 485, 489 (1995) (quoting *Gianiny v. State*, 320 Md. 337, 347 (1990)). The standard outlined by the Supreme Court in deciding whether two offenses are deemed to be one in the same for double jeopardy purposes is the *Blockburger* test. *Blockburger v. United States*, 284 U.S. 299 (1932). The "required evidence test," the name by which the rule was originally known,[3] as explained in *Blockburger,* stands as follows:

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

*Blockburger*, 284 U.S. at 304.

Maryland law has also expounded on the required evidence test, with a focus on the elements of the offenses. In *Thomas v. State*, the Court of Appeals elaborated:

> If each offense requires proof of a fact which the other does not, or in other words, if each offense contains an element which the other does not, the offenses are not the same for double jeopardy purposes even though arising from the same conduct or episode. But, where only one offense requires proof of an additional fact, so that all elements of one offense are present in the other, the offenses are deemed to be the same for double jeopardy purposes.

*Thomas v. State*, 277 Md. 257, 267 (1976); *see also Newton*, 280 Md. at 268; *Nightingale v. State*, 312 Md. 699, 703 (1988). Therefore, if offenses are required to merge according

---

[3] While the *Blockburger* test is the most well-known phrase used for the test in determining whether sentences arising out of the same offense, the "required evidence test" was first fashioned through *Morey v. Commonwealth*, 108 Mass. 433 (1871) and was adopted by the Supreme Court in *Gavieres v. United States*, 220 U.S. 338 (1911). The name "required evidence test" is still widely used and accepted today.

6

to the required evidence test, then a defendant cannot be penalized under separate sentences. *See McGrath v. State*, 356 Md. 20, 24 (1999). The Court of Appeals has outlined that "the required evidence test is not simply another rule of statutory construction. Instead, it is a long-standing rule of law to determine whether one offense is included within another when both are based on the same act or acts." *McGrath*, 356 Md. 20 at 24 (quoting *State v. Lancaster*, 332 Md. 385, 409—410 (1993)) (internal citations omitted). With this in mind, we now turn to an examination of the elements of each of the offenses at issue in this case.

Appellate courts in Maryland have not before had the opportunity to determine whether possession of an assault weapon would merge with possession of a firearm by a person previously convicted of a felony involving a controlled dangerous substance. This analysis starts with an examination of the elements of each offense, and we will then assess whether each offense can exist without the other.

CR § 4-303 states, in relevant part,

> (a) Except as provided in subsection (b) of this section, a person may not:
>
> > (2) possess, sell, offer to sell, transfer, purchase, or receive an assault weapon.

CR § 4-303(a).

When Appellant was sentenced in this case, CR § 5-622 provided:

> (a) In this section, "firearm" includes:
> (1) a handgun, antique firearm, rifle, shotgun, short-barreled shotgun, and short-barreled rifle, as those words are defined in § 4-201 of this article;
> (2) a machine gun, as defined in § 4-401 of this article; and
> (3) a regulated firearm, as defined in § 5-101 of the Public Safety Article.

(b) A person may not possess, own, carry, or transport a firearm if that person has been convicted of:
  (1) a felony under this title;
  (2) a crime under the laws of another state or of the United States that would be a felony under this title if committed in this State[.]

CR § 5-622(a)—(b). Stated plainly, the elements of possession of an assault weapon are: (1) possession (2) of an assault weapon. *See* CR § 4-303. The elements of possession of a firearm by a person previously convicted of a felony involving a controlled dangerous substance are (1) possession (2) of a firearm (3) by a person previously convicted of a felony involving a controlled dangerous substance. *See* CR § 5-622.

There is no dispute that the first element of each crime is present in both CR § 5-622 and CR §4-303, possession. Yet, for the statutes' second component, the essential element present in the former crime, but not the latter, is a person previously convicted of a felony involving a controlled dangerous substance; the essential element presented in the latter crime, but not the former, is the type of weapon possessed. Appellant argues that because the definition of firearm in CR § 5-622(a) "necessarily" includes an assault weapon, as required by CR § 4-303, they are the same element for the purposes of the required evidence test. We disagree, primarily for two reasons.

First, when a defendant is convicted of a felony involving a controlled dangerous substance, they have been disqualified from possessing a firearm, while someone who has not been convicted of a felony under Title 5 of the Criminal Law Code is allowed to possess a firearm, within the purview of the law and subject to other prerequisites. Essentially, CR § 5-622 places a condition on who can and cannot possess a firearm. On the other hand, CR § 4-303 places no condition on whether someone can or cannot possess an assault

8

weapon. Under section (a)(2) of CR § 4-303, no person can possess an assault weapon, notwithstanding the limited exceptions noted in CR § 4-303(b). When Appellant, a convicted felon, possessed an assault weapon, a specific kind of firearm, he violated two distinct and separate statutes, as (1) a prohibited person in possession of (2) a prohibited weapon. Thus, the second components of each statute are not the same elements for the purposes of the required evidence test. Moreover, a defendant can in fact be subject to the offense of possession of a firearm having been previously convicted of a felony involving a controlled dangerous substance, and not to the offense of possession of an assault weapon. This is simply because while all assault weapons may be firearms, not all firearms are assault weapons.

Therefore, because each crime required proof that the other did not, and each offense can exist without the other, the conviction for possession of an assault weapon does not merge with possession of a firearm by a person previously convicted of a felony involving a controlled dangerous substance under the required evidence test.

### Rule of Lenity

Nonetheless, the required evidence test is not an "exclusive standard" by which we determine whether sentences should merge. *See Brooks v. State*, 284 Md. 416, 423 (1979). The rule of lenity—a principle of statutory interpretation—can require the merger of sentences even when the required evidence test has not been satisfied. *Pair*, 202 Md. App. at 637. In *Walker v. State*, we outlined the scope of the rule, stating:

> [The rule of lenity] is purely a question of reading legislative intent. If the Legislature intended two crimes arising out of a single act to be punished separately, we defer to that legislated choice. If the Legislature intended but

> a single punishment, we defer to that legislated choice. If we are uncertain as to what the Legislature intended, we turn to the so-called 'Rule of Lenity,' by which we give the defendant the benefit of the doubt.

*Walker v. State*, 53 Md. App. 171, 201 (1982) (internal citations omitted). Because the rule of lenity is "a matter of legislative intent," it is only applicable "where at least one of the two offenses subject to the merger analysis is a statutory offense." *Latray*, 221 Md. App. at 555 (citing *Pair*, 202 Md. App. at 638). If offenses merge under this rule, "the offense carrying the highest maximum authorized sentence is ordinarily considered to be the greater offense. Thus, 'the offense carrying the lesser maximum penalty merges into the offense carrying the greater penalty.'" *Miles v. State*, 349 Md. 215, 221 (1998) (quoting *Williams* v. State, 323 Md. 312, 322 (1991)).

In a "probing examination" of the rule of lenity, this Court has acknowledged that "an inquiry into legislative intent is not only meaningless when at least one statute is not involved but is also meaningless when two statutes were enacted years apart and were not focused on the same subject matter." *Pair*, 202 Md. App. at 639. Therefore, if "two separate criminal statutes create separate offenses based on different criminal behavior with different criminal consequences, and there is no relevant legislative history suggesting that the Legislature intended to prohibit the imposition of separate sentences for the two separate crimes[,]" then the rule of lenity is inapplicable. *Fenwick v. State*, 135 Md. App. 167, 174-175 (2000) (citing *Wooten-Bey v. State*, 76 Md. App. 603 (1988), *aff'd on other grounds*, 318 Md. 301 (1990)).

Appellant asserts that the legislature intended that possession of an assault weapon and possession of a firearm by a person previously convicted of a felony involving a

controlled dangerous substance be punished by one sentence, but in the alternative, if we were to find the legislature's intent to be ambiguous, then the uncertainty should be resolved in his favor, under the rule of lenity. In review of the legislative history concerning CR § 4-303 and CR § 5-622, we are not convinced that the legislature intended that these two statutes—which penalize separate behavior with distinct consequences—be punished by one sentence rather than two, or that an ambiguity exists to merit application of the rule of lenity.

To begin, CR § 4-303 was enacted in 1994 and is codified under the "Weapons Crimes" of the Criminal Law Article as a misdemeanor with a maximum sentence of three years. *See* 1994 Md. Laws, ch. 456. The original provision only prohibited the possession of assault pistols, but the General Assembly expanded this provision under the Firearm Safety Act of 2013, after the mass shooting at Sandy Hook Elementary in December of 2012.[4] In *Potts v. State*, we explained that the objective of the Maryland Firearm Safety Act of 2013 was to "significantly modif[y] and expand[] the regulation of firearms, firearms dealers and ammunition in the state[.]" *Potts*, 231 Md. App. 398, 413 (2016) (citing S.B. 281 (2013 Session.), Fiscal and Policy Note at pg. 1).

Contrariwise, CR § 5-622 is located within the subtitle governing "Crimes Involving Controlled Dangerous Substances and Paraphernalia," under part III entitled "Related and

---

[4]     Aaron C. Davis, *Maryland House Passes Strict Gun Control Measure Crafted after Newtown Massacre*, The Wash. Post. (April 3, 2013), https://www.washingtonpost.com/local/md-politics/maryland-house-passes-strict-gun-control-measure-crafted-after-newtown-massacre/2013/04/03/303e1754-9c69-11e2-a941-a19bce7af755_story.html.

Derivative Crimes." Enacted three years before CR § 4-303, this statute was passed in 1991 under the former Article 27, § 291A, superseding a misdemeanor statute that prohibited possession of a "pistol or revolver" by a person convicted of "manufacturing or distributing controlled dangerous substances." 1991 Md. Laws, ch. 613. The new section of CR § 5-622's "statutory predecessor" widened the scope of possession to "firearms" and made the offense a felony, with a current maximum sentence of five years. *Neal v. State*, 191 Md. App 297, 311 (2010), CR § 5-622(c). Furthermore, "[s]ection 291A reflected the General Assembly's policy that persons convicted of violating the controlled dangerous substance laws be prohibited from thereafter possessing, owning, carrying, or transporting a firearm." *Id*.

Undoubtedly, these two criminal statutes proscribe two different criminal behaviors, with differing legislative policies behind their enactment, along with distinct punishments for violation of the prohibited acts stated therein. We do not find any indication of ambiguity in the application of these statutes, nor do we believe that it is "intrinsically unclear" as to the circumstances in which the statutes would be applicable. *See Fenwick*, 135 Md. App. at 174. As we have held, "the rule of lenity cannot be used to 'create an ambiguity where none exists.' If there is no ambiguity, 'the rule of lenity simply has no application.'" *Fenwick*, 135 Md. App. at 174 (quoting *Jones v. State*, 336 Md. 255, 261 (1994) (internal citations omitted). We therefore reject Appellant's contention that the Maryland General Assembly intended that CR § 4-303 and CR § 5-622 should not be punished by separate sentences, or, in the alternative, that the statutes contained ambiguities that would require this Court to apply the rule of lenity.

12

Additionally, we reject Appellant's argument that CR § 4-303 and CR § 5-622 would merge because neither of the statutes contain "anti-merger" provisions, even though they support this contention by pointing out that the penalty provision of CR § 4-303 and the neighboring provisions of CR § 5-622 do in effect have this language. In *Latray,* we reiterated that "the absence of an anti-merger provision indicates that the Legislature did not address explicitly the topic of merger in the statutory scheme, but nothing more may be inferred from it." *Latray*, 221 Md. App. at 557. We unreservedly take into account this Court's remarks in *Pair* about legislative intent, where he cautioned: "when dealing with Maryland statutes, it is absurd to look for legislative intent or for the lack thereof in circumstances wherein there would be no occasion for the Legislature to have an intent, one way or the other. One does not look for legislative intent where there was none." *Pair*, 202 Md. App. at 641; *see also Wooten-Bey,* 76 Md. App. 603 at 629. We therefore look no further and do not find that the legislature intended to forbid separate sentences for CR § 4-303 and CR § 5-622 in the absence of anti-merger provisions.

*Fundamental Fairness*

The third prong of defense as to why two sentences may merge is the doctrine of fundamental fairness. In *Monoker v. State*, The Court of Appeals stated that fundamental fairness is "[o]ne of the most basic considerations in all our decisions . . . in meting out punishment for a crime." *Monoker v.* State, 321 Md. 214, 223 (1990); *see also McGrath,* 356 Md. at 25. "In deciding whether fundamental fairness requires merger, we have looked to whether the two crimes are 'part and parcel' of one another, such that one crime is 'an integral component' of the other." *Carroll v. State*, 428 Md. 679, 695 (2012) (quoting

13

*Monoker*, 321 Md. at 223-24). The fairness of the sentence is dependent on circumstances surrounding the defendant's convictions, and not just the elements of the crime; thus, the "inquiry is 'fact-driven.'" *Carroll*, 428 Md. at 695 (citing *Pair*, 202 Md. App. at 645). However, "[t]he principal justification for rejecting a claim that fundamental fairness begs merger in a given case is that the offenses punish separate wrongdoing." *Latray*, 221 Md. App. at 558 (citing *Carroll*, 428 Md. at 697–99 ("noting that conspiracy to commit armed robbery and attempted armed robbery do not merge under the principles of fundamental fairness because the defendant's convictions 'targeted two different crimes'")). *Id.*

And yet, even more dispositive is that "[a]lthough a defendant may attack an illegal sentence by way of direct appeal, the fundamental fairness test does not enjoy the same 'procedural dispensation of [Md.] Rule 4–345(a)' that permits correction of an illegal sentence without a contemporaneous objection." *Potts*, 231 Md. App at 414 (quoting *Pair,* 202 Md. App. at 649). Appellant admits at the beginning of his argument that he did not argue at sentencing that his sentences were fundamentally unfair. Consequently, Appellant did not properly preserve his fundamental fairness argument for appellate review. Nevertheless, even if Appellant had not waived his contention regarding fundamental fairness, we are not persuaded that this principle would compel merger of Appellant's sentences.

As discussed above, the legislature obviously intended to punish these two acts separately, and not under one sentence. Additionally, CR § 4-303 and CR § 5-622 punish separate instances of wrongdoing. Appellant, as a felon prohibited from possession *any* kind of firearm, committed a separate crime when he possessed an assault weapon.

14

Appellant's claim that because he was in possession of a single firearm, his act of possession warrants only one punishment is unsubstantiated, because if Appellant had not been a felon prohibited from owning a firearm, he would have still been convicted of possessing an assault weapon. Accordingly, we agree with the State that "Appellant's disqualification status was not 'part and parcel' of his possession of an assault weapon but was an aggravating circumstance to his possession of an assault weapon." We find nothing fundamentally unfair about Appellant's separate sentences.

**JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY AFFIRMED. COSTS TO BE PAID BY APPELLANT.**